UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
BAY CITY DIVISION

| | |
|---|---|
| GRANT W. TONER,<br><br>    Plaintiff,<br><br>v.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>    Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:19-cv-11562<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes GRANT W. TONER ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of J.P. MORGAN CHASE BANK, N.A. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.* and the Michigan Collection Practices Act ("MCPA") under M.C.L. § 445.251 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA.  Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and

1

1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Michigan and a substantial portion of the events or omissions giving rise to the claims occurred within the Eastern District of Michigan.

## PARTIES

4. Plaintiff is a natural "person," as defined by 47 U.S.C. §153(39), residing in Bad Axe, Michigan, which lies within the Eastern District of Michigan.

5. Defendant is a corporation organized under the laws of the state of Delaware with its principal place of business located at 270 Park Avenue, New York, New York.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect upon past due payments ("subject debt") Plaintiff is said to owe to Defendant.

9. The subject debt stems from a line of credit Plaintiff incurred with Defendant several years ago for personal purposes.

10. After years of making prompt payment, Plaintiff missed one of his scheduled payments due to financial hardship on or about May 15, 2019.

11. Immediately after missing his scheduled payment, Defendant began placing phone calls to Plaintiff's cellular phone, (989) XXX-4606, seeking to collect the subject debt.

12. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 4606. Plaintiff is and has always been financially responsible for the cellular phone and its services.

13. Defendant mainly uses the phone number (847) 426-8085 when placing calls to Plaintiff's cellular phone, but upon belief, it has used other numbers as well.

14. Upon information and belief, the aforementioned phone number ending in 8085 is regularly utilized by Defendant during its debt collection activities.

15. When Plaintiff answers calls from Defendant, he experiences a noticeable pause, lasting several seconds in length, before being connected with a live representative.

16. During this period of "dead air," Plaintiff would say hello repeatedly before a representative got on the line.

17. Upon speaking with Defendant, Plaintiff was informed that Defendant was calling upon the subject debt.

18. Plaintiff told Defendant that he was currently unable to make his scheduled payment, but that he would take care of the balance as soon as he was able. The conversation between Plaintiff and Defendant ended shortly thereafter.

19. However, shortly after getting off the line with Defendant, Plaintiff received an additional phone call from Defendant attempting to collect upon the subject debt.

20. Frustrated that he had received a collection call shortly after informing Defendant that he was unable to make payment and that he would pay when able, Plaintiff demanded that Defendant stop contacting his cellular phone.

21. Despite Plaintiff's demands, Defendant has continued to place incessant and repeated phone calls to Plaintiff's cellular phone up until the filing of the instant action.

22. Defendant has, on several occasions, called Plaintiff's cellular phone multiple times during the same day, even after Plaintiff demanded that the calls cease.

23. Plaintiff has received not less than 15 phone calls from Defendant within a roughly two-week period after he demanded that the calls stop.

24. Frustrated over the persistent calls, Plaintiff spoke with Sulaiman regarding his rights resulting in costs and expenses.

25. Plaintiff has been unfairly and unnecessarily harassed as a result of Defendant's conduct.

26. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on his cellular phone, and diminished space for data storage on his cellular phone.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

29. Defendant used an ATDS in connection with its communications directed towards Plaintiff. The noticeable pause, lasting several seconds in length, which Plaintiff experienced on answered calls from Defendant is instructive that an ATDS

5

was being utilized to generate the phone calls. Plaintiff's repeated experience of having to say "hello" several times prior to a live representative getting on the line further indicates Defendant's use of an ATDS. Similarly, the frequency and nature of Defendant's contacts point to the involvement of an ATDS.

30. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiff's cellular phone using an ATDS without his consent. Any consent that Plaintiff *may* have given to Defendant through incurring the subject debt was specifically revoked by his demands that Defendant cease contacting his cellular phone.

31. The calls placed by Defendant to Plaintiff were regarding business activities and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

32. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff, GRANT W. TONER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Awarding Plaintiff costs and reasonable attorney fees;

   d. Enjoining Defendant from further contacting Plaintiff; and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE MICHIGAN COLLECTION PRACTICES ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" or "debtor" as defined by M.C.L. § 445.251(1)(d).

35. Defendant is a "regulated person" as defined by M.C.L. § 445.251(1)(g) as it is a "person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency . . . ."

36. The subject debt is a "claim" or "debt" as defined by M.C.L. § 445.251(1)(a).

   **a. Violations of M.C.L. § 445.252(f)(ii)**

37. The MCPA, pursuant to M.C.L. § 445.252(f)(ii), prohibits a regulated person from "[m]isrepresenting in a communication with a debtor . . . [t]he legal rights of the creditor or debtor."

38. Defendant violated the MCPA by repeatedly contacting Plaintiff's cellular phone using an automated system absent consent. Through its conduct, Defendant misrepresented that it had the legal ability to contact Plaintiff using an automated system after Plaintiff demanded that Defendant stop calling. As such, Defendant

misrepresented its legal rights, as well as Plaintiff's legal rights, by continuing to contact Plaintiff's cellular phone absent the lawful ability to do so.

### b. Violations of M.C.L. § 445.252(n)

39. The MCPA, pursuant to M.C.L. § 445.252(n), prohibits a regulated person from "[u]sing a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversations repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor."

40. Defendant violated the MCPA when it repeatedly called Plaintiff after being notified to stop. Defendant called Plaintiff at least 15 times after he demanded that it stop. Additionally, Defendant placed multiple phone calls to Plaintiff's cellular phone on the same day on numerous occasions. This repeated behavior of systematically calling Plaintiff's phone in spite of his demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

41. Defendant was notified by Plaintiff that its calls were not welcomed and were therefore inconvenient. As such, Defendant contacted Plaintiff at times and places which were known to be inconvenient to him.

### c. Violations of M.C.L. § 445.252(q)

42. The MCPA, pursuant to M.C.L. § 445.252(q), subjects regulated persons to liability for "[f]ailing to implement a procedure designed to prevent a violation by an employee."

43. Defendant violated the MCPA by failing to adequately have procedures in place designed to prevent a violation by its employee. Plaintiff informed Defendant that its calls were inconvenient and harassing and demanded that they stop. Nevertheless, the calls continued at an incessant rate. Such conduct demonstrates the lack of any procedures in place by Defendant wherein its employees would cease calling after becoming aware that its calls were pervasively unwelcome and inconvenient. As such, Defendant has failed to implement a procedure designed to prevent its employees from engaging in harassing, oppressive, or abusive methods in connection with its collection of debts.

44. Defendant's violations of the MCPA were willful. Defendant was notified by Plaintiff that he did not wish to receive any more phone calls. Yet, Plaintiff was still continuously bombarded with collection phone calls from Defendant. In a willful manner, Defendant called Plaintiff repeatedly and continuously notwithstanding his demands. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Michigan, further demonstrating its willful failure to implement adequate procedures designed to prevent violations of the MCPA.

WHEREFORE, Plaintiff, GRANT W. TONER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief, pursuant to M.C.L. § 445.257(1).

c. Awarding Plaintiff actual damages, or three times actual damages, pursuant to M.C.L. § 445.257(2).

d. Awarding statutory damages of at least $50.00 and treble damages, pursuant to M.C.L. § 445.257(2).

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to M.C.L. § 445.257(2).

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 28, 2019                                          Respectfully submitted,

s/ Ahmad T. Sulaiman
Ahmad T. Sulaiman, Michigan Bar No. P82149
Counsel for Plaintiff
Admitted in the State Bar of Michigan
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x124 (phone)
(630) 575-8188 (fax)
ahmad.sulaiman@sulaimanlaw.com

s/ Nathan C. Volheim
Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff

Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x113 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff
Admitted in the Eastern District of Michigan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
(630) 575-8181 x110 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com